United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Ronald L. Moyer
          Debtor

Case No. 17-11621-amc
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Randi          Page 1 of 1          Date Rcvd: Aug 30, 2017
                             Form ID: pdf900      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 01, 2017.
db             +Ronald L. Moyer,    324 Main Street,    East Greenville, PA 18041-1302

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 01, 2017                         Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 30, 2017 at the address(es) listed below:
          CHRISTINE C. SHUBERT    christine.shubert@comcast.net,  J100@ecfcbis.com
          CHRISTINE C. SHUBERT    on behalf of Trustee CHRISTINE C. SHUBERT christine.shubert@comcast.net,
           J100@ecfcbis.com
          GREGORY W. PHILIPS    on behalf of Debtor Ronald L. Moyer gwphilips@ydasp.com,
           philipslaw@comcast.net
          GREGORY W. PHILIPS    on behalf of Attorney Gregory W Philips gwphilips@ydasp.com,
           philipslaw@comcast.net
          PAUL BRINTON MASCHMEYER    on behalf of Trustee CHRISTINE C. SHUBERT pmaschmeyer@cmklaw.com,
           csilvano@cmklaw.com
          REBECCA ANN SOLARZ    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC bkgroup@kmllawgroup.com
          ROBERT W. SEITZER    on behalf of Trustee CHRISTINE C. SHUBERT rseitzer@cmklaw.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
           philaecf@gmail.com
                                                                              TOTAL: 9

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | **CHAPTER 7** |
| | : | |
| **RONALD L. MOYER** | : | **BANKRUPTCY NO. 17-11621(AMC)** |
| | : | |
| **Debtor** | : | |
| | : | |

## ORDER

**AND NOW,** on this ___ day of _____, 2017 upon consideration of the Motion of Christine C. Shubert, Chapter 7 Trustee (the "Trustee"), for Authority to: (1) Sell Real Property Located at 324 Main Street, East Greenville, PA 18041 [Tax ID 06-00-02632-008] (the "Property") Free and Clear of all Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363 and (2) Compensate Real Estate Brokers (the "Motion"), and after notice to creditors and parties in interest; it is hereby

**ORDERED,** that the Motion is **GRANTED**; it is further

**ORDERED,** that pursuant to 11 U.S.C. § 363(b) and by the issuance of this Order, the Trustee is authorized, empowered and directed to execute and deliver the necessary documents to transfer and sell the Property to Giosuelo LLC (the "Purchaser") for the purchase price of $270,000.00 (the "Purchase Price") pursuant to the terms and conditions of the Agreement of Sale (the "Agreement of Sale") attached to the Motion as Exhibit "A" (if there is any inconsistency between the Agreement of Sale and this Order, this Order shall control). In accordance with the Agreement of Sale, the Purchaser has paid a deposit in the amount of $5,000.00 which shall be credited at the time of closing on account of the Purchase Price; it is further

**ORDERED,** that the Trustee be and hereby is permitted to sell the Property to the Purchaser free and clear of any and all liens, claims, security interests, mortgages, pledges,

charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims against the Debtor or his property, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, notice or unnoticed, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims"); it is further

**ORDERED,** that the Liens and Claims shall attach to the proceeds of sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code; it is further

**ORDERED,** that the Property is being sold to the Purchaser on an "AS IS, WHERE IS" basis, without any warranty, either expressed or implied, with all defects; it is further

**ORDERED,** that the transfer of the Property to the Purchaser constitutes a legal, valid and effective transfer of the Property and shall vest the Purchaser with all right, title and interest of the Debtor in and to the Property, free and clear of all Liens and Claims; it is further

**ORDERED,** that the Purchase Price provided by the Purchaser for the Property is fair and reasonable. The Purchase Price was negotiated, proposed and entered into without collusion, in good faith and from an arm's length bargaining position "within the meaning of § 363(f) of the Bankruptcy Code and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986)"; and it is further

**ORDERED,** at closing on the Property, the Trustee is authorized to distribute the proceeds from the sale of the Property as follows:

(a)     First, the amount needed to satisfy any outstanding property tax and municipal liens due the applicable governmental authorities;

2

(b)    Second, satisfaction of the realtor fee due to The Barndt Agency, Inc. in the amount of $8,100.00 and Brode & Brooks, Inc. in the amount of $8,100.00;

(c)    Third, the normal and customary closing costs including, but not limited to, transfer taxes and any recording fees;

(d)    Fourth, the amount needed to satisfy the mortgage held by Bayview Loan Servicing;

(e)    Fifth, the Debtors' exemption in the amount of $23,675.00; and

(f)    Sixth, the balance to the Trustee.

**BY THE COURT:**

**Date: August 30, 2017**

ASHELY M. CHAN,
UNITED STATES BANKRUPTCY JUDGE

3